No. DA 06-0046

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 67N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

JOSE MARCOS GUTIERREZ,

Defendant and Appellant.

APPEAL FROM:     The District Court of the Thirteenth Judicial District,
                 In and For the County of Yellowstone, Cause No. DC 2004-1138,
                 Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Frank A. Piocos, Deputy Public Defender, Billings, Montana

        For Respondent:

            Hon. Mike McGrath, Montana Attorney General, Joslyn M. Hunt,
            Assistant Attorney General, Helena, Montana

            Dennis Paxinos, Yellowstone County Attorney, Mark Murphy,
            Deputy County Attorney, Billings, Montana

                                        Submitted on Briefs:  November 1, 2006

                                                   Decided:  March 13, 2007

Filed:

        _____
                          Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jose Marcos Gutierrez (Gutierrez) was convicted of misdemeanor driving under the influence of alcohol and misdemeanor driving without required motor vehicle insurance. He appeals his conviction on the ground that the District Court erred in denying his motion to suppress the evidence used in his conviction. We affirm.

## ISSUE

¶3 A restatement of the dispositive issue on appeal is whether the District Court erred in denying Gutierrez's motion to suppress upon determination that the arresting officer had the requisite particularized suspicion to initiate an investigative stop.

## STANDARD OF REVIEW

¶4 We review a district court's denial of a motion to suppress to determine whether its findings of fact are clearly erroneous and whether its application and interpretation of the law is correct. *State v. Wrzesinski*, 2006 MT 263, ¶ 9, 334 Mont. 157, ¶ 9, 145 P.3d 985, ¶ 9 (citations omitted).

## FACTUAL AND PROCEDURAL BACKGROUND

¶5 Just after midnight on May 26, 2004, Yellowstone County Sheriff's Officer Frank Fritz was patrolling and noticed a car parked in the Burger King drive-through lane but saw no visible occupant. The car's headlights were on but the restaurant's lights and the parking lot lights were off, indicating that the restaurant was closed. Fritz drove a few more blocks, considering the situation, then returned to Burger King to investigate. As he approached the vehicle from behind, it left the drive-through lane and entered the main parking lot at which time Fritz activated the emergency lights and stopped the vehicle. Upon contact with the driver, Gutierrez, Fritz noticed the odor of alcohol on his breath. Gutierrez admitted that he had been drinking. Fritz arrested Gutierrez for driving under the influence of alcohol and for failing to carry proof of automobile insurance.

¶6 A non-jury trial was scheduled in the Criminal Division of Justice Court for Yellowstone County for November 18, 2004. Gutierrez failed to appear and was adjudicated guilty of both offenses and sentenced. He moved to stay imposition of the sentence and appealed the decision to the Thirteenth Judicial District Court for Yellowstone County.

¶7 In District Court, Gutierrez moved to suppress the arresting officer's evidence, claiming that Fritz had no "particularized suspicion" to stop him, and therefore the results of the ensuing "search" must be suppressed. He also argued that his constitutional right to privacy was violated by the warrantless search. The District Court held a suppression hearing on July 13, 2005, and on August 24, entered its Findings of Fact, Conclusions of Law and Order. The court concluded that Fritz had the requisite particularized suspicion

3

to stop Gutierrez and denied Gutierrez's motion to suppress. Gutierrez subsequently entered guilty pleas to both charges but appealed the District Court's Order.

¶8 In holding that particularized suspicion existed in this case, the District Court correctly relied on numerous relevant cases including, but not limited to, *State v. Morris*, 230 Mont. 311, 319, 749 P.2d 1379, 1383 (1988) (An experienced officer has a duty to investigate when "confronted with circumstances which that officer believes demand investigation."), and *State v. Gopher*, 193 Mont. 189, 192, 631 P.2d 293, 295 (1981) (Objective facts and circumstantial evidence suggesting that a particular automobile is involved in some sort of criminal activity is sufficient to warrant a limited investigatory stop.). Given that Gutierrez was parked at the drive-through window of a closed restaurant for a protracted period of time, and that no vehicle occupant was visible, Fritz indeed had sufficient particularized suspicion to investigate further.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the record before us that the findings of fact are supported by substantial evidence. Additionally the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted.

¶10 For the foregoing reasons, we affirm the judgment of the District Court.

/S/ PATRICIA COTTER

4

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON